UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO: 5:12-cr-29-Oc-28PRL

DAVID PRESTON ROGERS

---

## ORDER

Defendant's "Motion for Reduction of Sentence Pursuant to the First Step Act of 2018 Compassionate Release Statute § 3582(c)(1)(A) Section (D) [Other Reasons]," construed as a motion for compassionate release, is before the Court for consideration. (Doc. 74).  The Government filed a response opposing the requested relief.  (Doc. 82).[1] Defendant seeks relief, not for health reasons, but rather on the basis that the classification at sentencing of Defendant as a career offender no longer applies and his sentence should be reduced accordingly.[2]  Because Defendant cannot show extraordinary and compelling reasons for granting relief, the motion is due to be denied.

After pleading guilty, the Court sentenced Defendant on September 19, 2013 to 262 months of incarceration followed by 5 years of supervised release for possession with intent to distribute 500 or more grams of cocaine.  (Docs. 27, 52, 53, 54).  On August 22, 2018, the Court granted the Government's motion to reduce Defendant's sentence pursuant to Fed. R. Crim. P. 35(b) (Docs. 69, 70), reducing his sentence to 192 months.

---

[1] The Government filed its response one day late from the ordered response time. The Court accepts the late filed response as well as the two supplements and two exhibits filed by Defendant in support of his motion.  (Docs. 82, 75, 79, 81, 83).

[2] In a later filed document, Defendant seeks a reduction to "time-served." (Doc. 83).

(Doc. 70). Defendant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 58), which raised the issue of his status as a career offender, was denied on January 16, 2016. (Doc. 62).[3] Defendant is 34 years old with a projected release date of April 13, 2027.

At the time of sentencing, Defendant had a prior conviction for "fleeing and eluding," which qualified as a crime of violence under U.S.S.G. 4B1.2. This conviction, together with another crime of violence conviction (felony drug conviction), qualified Defendant as a career offender, enhancing his guideline term of incarceration. "Fleeing and eluding" no longer qualifies as a crime of violence. U.S.S.G. 4B1.2, modified in 2016. Thus, Defendant argues if sentenced today, his sentence would be reduced as he would no longer qualify as a career offender, having only one crime of violence.[4]

Considering Defendant's motion under 18 U.S.C. § 3582(c), the Court must first determine if Defendant exhausted his administrative remedies as failure to do so is fatal to his request. *United States v. Raia*, 954 F. 3d 594, 597 (3d Cir. 2020). ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."). Defendant asserts he has exhausted his administrative remedies but the

---

[3] The instant motion, although titled as a § 3582 motion, in essence attacks Defendant's underlying sentence, and should be construed as a § 2255 motion. *See United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). Defendant is trying to make an end-run around the prohibition of filing a second § 2255 motion without getting permission from the Eleventh Circuit to do so. "Section 2255(h) requires that prisoners wishing to file a successive petition to collaterally challenge their conviction must first obtain permission from the Court of Appeals." *United States v. Cutchens,* CR 609-044, 2020 WL 1492539, at 1 (S.D. Ga. Mar. 13, 2020). Without that permission, this Court lacks jurisdiction to consider a successive 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

[4] The Court notes Defendant's term of incarceration is 192 months. The Government asserts that at sentencing Defendant faced 10 years to life and if sentenced today, he would face 5-40 years. (Doc. 82).

Government disagrees. Defendant submitted a request to the Bureau of Prisons for a reduction in sentence on February 3, 2020. (Docs. 79, 82). The Bureau of Prisons did not respond to his request until June 18, 2020, over four months later, rejecting his request because he did not first attempt an informal resolution, his request being on the wrong form. (Doc. 82 at 7). The Government asserts that since Defendant's request was on the wrong form, he has not exhausted his administrative remedies. Section 3582(c)(1)(A) does not specify a form, it merely provides that the warden shall act within 30 days from the receipt of a request for relief. Specifically, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court finds that even if the request was on the "wrong form," the warden did not respond within thirty days stating that it was on the wrong form and therefore, Defendant exhausted his administrative remedies.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2020). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c). Under §3582(c)(1)(A), the Court can modify a sentence if it finds (i) extraordinary and compelling reasons that warrant a reduction; (ii) the defendant is at least 70 years old, has served at least 30 years, and the Director of the Bureau of Prisons has determined that the defendant is not a danger to the safety of any other person or the community; and any

3

reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Extraordinary and compelling reasons are outlined in U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. §3582. They include (A) medical conditions, (B) a defendant that is at least 65 years of age, and (C) family circumstances. Defendant does not allege any condition that falls within any of those categories. Section (D) allows for other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. However, the Director of the Bureau of Prisons has made no such determination as to this Defendant. Nor has the Director of the Bureau of Prisons issued any policy or finding that sentences imposed for a career offender that are no longer applicable after a statutory change, qualify as an extraordinary and compelling reason. And, while the First Step Act amended §3582(c) to allow a prisoner to bring a motion directly to a court under certain circumstances, the Sentencing Commission has not amended the underlying policy, 1B1.13. Defendant's request for relief is not consistent with the applicable policy statements.

"[N]either the 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020) (unpublished). *See also*, *United States v. Neubert*, No. 1:07-cr-00166-SEB-KPF, 2020 WL 1285624, at *3 (S.D. Ind. March 17, 2020)( "the disparity between [defendant's] actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.'"); *United States v. Rucker*, No. 04-20150-JWL, 2020 WL 4365544, at *3 (D. Kansas July 30,

4

2020)("a disparity based on a change in sentencing law cannot serve as the basis for relief under Section 3582(c)(1)(A)").

Courts are prohibited from granting compassionate release unless "such a reduction is consistent with applicable policy statements issued by" the Commission.  18 U.S.C. § 3582(c)(1)(A). *See Dillon v. United States*, 560 U.S. 817, 821 (2010)(a "reduction must be consistent with applicable policy statements issued by the Sentencing Commission"); *United States v. Colon*, 707 F.3d 1255, 1259-60 (11th Cir. 2013) (3582(c)(2) requires courts to follow policy statements of the Sentencing Commission); *United States v. Nasirun*, No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020)("any reduction must be consistent with the policy statements of the Sentencing Commission").

The basis for compassionate release is based on individual circumstances and not a medium for mass reductions of statutory penalties.

> Compassionate release theory draws from a fundamental belief, rooted in human dignity, that an inmate's altered and unfortunate circumstances may demand early release from incarceration. Compassionate release's legal justification asserts that impending death, sickness, extreme family responsibilities, or age have canceled a prisoner's debt to society, such that release, prior to the completion of the prisoner's sentence, is warranted. Its moral rationale demands that dying prisoners be deemed worthy of a dignified death, indispensable to the fabric of their families as sole caregivers, and/or worthy of experiencing their final living days unconfined by prison walls. [5]

---

[5] Jalila Jefferson-Bullock, *Consensus, Compassion, and Compromise? The First Step Act and Aging Out of Crime,* 2019 WL 7766107, at *70, Federal Sentencing Reporter, Vol. 32, No. 2, December 2019 (footnotes omitted).

Allowing the remedy sought by Defendant would alter Congress' sentencing scheme and undermine the finality of sentences. "Without finality, the criminal law is deprived of much of its deterrent effect." *Teague v. Lane,* 489 U.S. 288, 309 (1989).

Defendant has not identified any extraordinary and compelling reasons to grant him relief under 18 U.S.C. § 3582(c)(1)(A). Moreover, the Court has considered the 3553(a) factors and find they also weigh against granting Defendant relief. Defendant poses a safety risk to others. In this case, Defendant pled to possessing with intent to distribute over 500 grams of cocaine. (Doc. 27). Defendant was actively traveling to the Caribbean and importing his supply. (Doc. 82). Prior to his conviction in this case, Defendant had a felony drug conviction in Florida. (Doc. 26). Defendant also had a conviction for fleeing and eluding. (Doc. 34). The day of his original sentencing in this case, Defendant failed to appear. (Doc. 38). A warrant for his arrest was issued on April 20, 2013 and was executed on June 18, 2013. (Doc. 39). Since his incarceration, Defendant has had ten different administrative penalties by the BOP. (Doc. 82-2). The sentence imposed is necessary to protect the public, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter Defendant from future crimes.

Defendant's Motion for Compassionate Release (Docs. 74) is **DENIED**

**DONE** and **ORDERED** in Orlando, Florida on August _11_, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
David Preston Rogers