# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO. 5:12-cr-29-JA-PRL

DAVID PRESTON ROGERS

_____

### ORDER

This case comes before the Court on the Defendant's pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G § 1B1.13(b)(6) (Doc. 101) and the Government's response (Doc. 103). For the following reasons, the motion must be denied.

## I.   BACKGROUND

In February 2013, the Defendant pleaded guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii). (Docs. 9 & 33). He did not self-surrender after failing to appear at his initial sentencing, (Doc. 60 at 9–11), and was sentenced to 262 months of incarceration, to be followed by five years of supervised release, (*id.* at 27–28). He was not sentenced under drug quantity guidelines because he was designated a career offender for two prior crimes. (*See id.* at 11–12; *see also* Doc. 26). His term of incarceration was subsequently reduced to 192 months because he assisted police with a homicide investigation. (*See* Doc. 70).

The Defendant has served over ten years of his 192-month sentence. (Doc. 103 at 19). He is thirty-eight years old and is currently incarcerated at the Federal Correctional Institution in Bastrop, Texas, with a projected release date of May 24, 2026. (*See* Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on June 18, 2024)). Since he has been in custody, the Defendant has been disciplined for over a dozen incidents—including being in unauthorized areas, possessing drugs or alcohol, and refusing work—the most recent of which occurred in April 2023. (Doc. 103 at 21–25).

## II. DISCUSSION

The Court first considers whether the Defendant exhausted his administrative remedies and then addresses in turn the three sentence-reduction topics of extraordinary and compelling reasons, dangerousness to the community, and the 18 U.S.C. § 3553(a) factors.

### A. Exhaustion

The Defendant can move for a sentence reduction only "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the [D]efendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant submitted a sentence-reduction request to the warden of his facility on February 28, 2024. (Doc. 101 at 7). On April 18, 2024, the day after the Defendant's motion was mailed to the Court,

2

(Doc. 101 at 11), the warden responded with a denial and the opportunity for the Defendant to appeal his decision administratively, (Doc. 103 at 14). The Government cites the Defendant's lack of a subsequent appeal as proof that "he has failed to exhaust his administrative remedies." (*Id.* at 6). But because the warden's response did not arrive within thirty days, the Defendant sufficiently exhausted his administrative remedies. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within [thirty] days, no matter the appeals available to them.").

### B. Extraordinary and Compelling Reasons

The Defendant asks the Court to grant him a "reduction in sentence in the amount of 365 days." (Doc. 101 at 6). He points to the length of his incarceration to argue that his unusually long sentence creates a gross disparity in light of a change in the law and thus constitutes an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G § 1B1.13(b)(6). (Doc. 101 at 3–5).

The Court may reduce the Defendant's term of imprisonment if he shows an "extraordinary and compelling reason[]" for the reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Guidelines clarify that an "[u]nusually long sentence" in light of "a change in the law" may constitute an "[e]xtraordinary and compelling reason[]" if the change in the law "would produce a gross

disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G § 1B1.13(b)(6).

The Defendant contends that "one of the offenses of which [he] was previously convicted is no longer suitable as a predicate for [his] enhanced sentence as a 'career offender,'" and the difference between the sentence he received and the one he would receive today constitutes a gross disparity. (Doc. 101 at 3–4). At the time of his September 2013 sentencing, (*see* Doc. 54), the Defendant's prior fleeing-and-eluding conviction was considered a crime of violence and worked with a second prior conviction to establish the Defendant as a career offender, (*see* Doc. 60 at 4, 8). This career-offender designation enhanced the Defendant's offense level to 34, (*see id.* at 25). Because the Defendant did not appear at his earlier sentencing hearing and did not subsequently self-surrender, his offense level was ultimately raised to 37. (*Id.*).

The Defendant is correct that his fleeing-and-eluding offense is no longer considered a crime of violence. *See* U.S.S.G. § 4B1.2. During his sentencing hearing, the Court advised that, without the Defendant's career-offender designation, the guidelines calculation would have used an offense level of 28. (Doc. 60 at 11–12). As the Government explains, "[w]ith a criminal history category VI, [the Defendant] would have scored a guidelines range of 140 to 175 months['] imprisonment," and because the Defendant "is currently serving a prison sentence of 192 months['] imprisonment," the relevant disparity is only

4

17 months of imprisonment. (Doc. 103 at 7).

The Court agrees with the Government that a 17-month difference does not reflect a "gross" disparity between the term of incarceration that the Defendant is serving and the term that he would likely receive if sentenced today. (*See id.*). *See Gross*, Black's Law Dictionary (11th ed. 2019) (defining "gross" as "[c]onspicuous by reason of size or other attention-getting qualities"); *see also United States v. Adley*, No. 03-20678-CR, 2024 U.S. Dist. LEXIS 81073, at *10 (S.D. Fla. May 3, 2024) ("[A] gross disparity is one that is 'glaringly noticeable.'" (quoting *United States v. Allen*, No. 1:09-cr-320-TCB, 2024 U.S. Dist. LEXIS 28049, at *14 (N.D. Ga. Feb. 12, 2024))). Because the Defendant asserts no extraordinary and compelling reason other than the gross disparity, he fails to establish any extraordinary and compelling reason for a sentence reduction. On that basis alone, his motion must be denied.

### C. Dangerousness to the Community

The Defendant's dangerousness to the community provides an independent basis for denying his motion. Before a motion for a sentence reduction can be granted, a district court must find that the defendant does not pose "a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(a)(2). Here, the Defendant poses a danger to the community, as evidenced by his repeated failures to adhere to prison regulations while in custody. (Doc. 103 at 21–25). Some of his disciplinary incidents involved

possessing or using drugs or alcohol—a troubling pattern given his history of drug offenses. (*Id.* at 9, 24). Other incidents concerned destroying or disposing of an item related to a search, being insolent to prison staff, using abusive or obscene language, refusing to obey an order, abusing phone privileges, being in an unauthorized area, possessing an unauthorized item, being unsanitary or untidy, refusing work, and otherwise engaging in disruptive conduct. (*Id.* at 21–23, 25). Based on the Defendant's history of violating prison rules, his dangerousness to the community precludes a sentence reduction. *See* U.S.S.G § 1B1.13(a)(2).

### D. The Section 3553(a) Factors

Finally, the factors set out in 18 U.S.C. § 3553(a) also counsel against reducing the Defendant's sentence. Before granting a sentence reduction, a district court must consider these factors. *See* U.S.S.G § 1B1.13(a). As for the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), the Defendant knowingly committed a serious drug crime, (*see* Doc. 27 at 16–20). And as for the Defendant's "history and characteristics," 18 U.S.C. § 3553(a)(1), the Defendant "has a history of serious drug offenses and fleeing from law enforcement," as the Government points out, (Doc. 103 at 9). Furthermore, the need to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from [the Defendant's] further

6

crimes," 18 U.S.C. § 3553(a)(2)(A)–(C), supports keeping the Defendant's sentence as it is. Accordingly, the Defendant's motion must be denied.

## III. CONCLUSION

For the reasons explained above, it is **ORDERED** that the Defendant's motion for a sentence reduction (Doc. 101) is **DENIED**.

**DONE** and **ORDERED** on June _18_, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
David Preston Rogers